ORD v. WAYNE CIRCUIT JUDGE.

ARREST—CAPIAS—AFFIDAVIT—SUFFICIENCY.

In an action for the conversion of funds received by plaintiff's agent and converted to his own use, an affidavit setting forth the facts is *held* sufficient as against the objection that it states conclusions.

Mandamus by William Ord to compel George S. Hosmer, circuit judge of Wayne county, to enter an order quashing a writ of *capias ad respondendum*. Submitted July 6, 1909. (Calendar No. 23,452.) Writ denied April 1, 1910.

*Herbert A. Andresen*, for relator.

*Bethune D. Blain* and *William J. Hawley*, for respondent.

MONTGOMERY, C. J.   This is mandamus to require the circuit judge to enter an order quashing a writ of *capias*. The writ was accompanied by an affidavit, as follows:

"Charles A. Baker, of the city of Milwaukee, in the county aforesaid, being duly sworn, deposes and says that he is the secretary of the Sterling Wheelbarrow Company, a corporation duly organized under the laws of the State of Wisconsin, with its principal office for business in said city of Milwaukee; that the said company is a corporation duly organized as aforesaid; and that the said Sterling Wheelbarrow Company is the plaintiff in the annexed writ, and that the said company has a claim for damages against William Ord, of the city of Detroit, county of Wayne, and State of Michigan, the defendant therein named, for the cause of action stated in said writ, upon which he believes the said Sterling Wheelbarrow Company is entitled to recover the sum of six hundred and thirty-eight dollars and twenty cents ($638.20).

"Deponent further says that the facts and circumstances upon which the said Sterling Wheelbarrow Com-

pany's claim for damages is founded, and which constitute its cause of action herein, are as follows, to wit: The said William Ord, on or about the 20th day of July, A. D. 1907, in pursuance with a contract with the said company, entered into the relation of agent or factor for said company in the said city of Detroit, and continued to act in the capacity of such agent or factor till on or about, to wit, the 10th day of August, A. D. 1908.

"Deponent further avers that, in pursuance with the said contract with the said Ord, the Sterling Wheelbarrow Company placed in the possession and control of the said Ord various consignments of wheelbarrows and other goods, to hold the same as the property of the said company till sold by the said Ord under the terms of his contract in the course of trade; that by the terms of the said contract it was the duty of the said Ord to collect the various sums due the company from the sales so made by Ord; that he was to deduct from the sums of money so collected a commission of twenty-five (25) *per centum* and remit the balance due the company to the said Sterling Wheelbarrow Company in monthly installments, said installments to include all money due the company collected during the preceding month.

"Deponent further avers that from the stock of goods aforesaid in his possession the said Ord made various sales; that the said Ord has accounted for the proceeds of part of the same, but has failed to account for the proceeds of sales amounting to eight hundred and fifty dollars and ninety-three cents ($850.93); that the commission of twenty-five per cent. on said money due from same amounts to two hundred and twelve dollars and seventy-three cents ($212.73), and that the balance due the said company from the said sales amounts to six hundred and thirty-eight dollars and twenty cents ($638.20); that the said Ord has failed to account for the said sum of six hundred and thirty-eight dollars and twenty cents ($638.20), but in breach of his trust did collect the said moneys, and did fraudulently neglect and refuse to turn the said sum over to the Sterling Wheelbarrow Company, although repeatedly demanded by the said company, but did convert the same to his own use.

"Deponent further avers that on or about the 10th day of August, A. D. 1908, the Sterling Wheelbarrow Company terminated its relation with the said Ord; that this deponent demanded from the said Ord the goods then re-

maining in said Ord's possession; that the said goods were received by deponent and shipped to Chicago, Illinois; that the said Ord admitted to this deponent on said date that there were accounts due and outstanding from the sales aforesaid the sum of two hundred and twelve dollars; that the said Ord agreed to furnish a list of vendees from whom the said outstanding accounts were due, and agreed to notify each of said vendees to pay the said accounts directly to the Sterling Wheelbarrow Company.

"Deponent further avers that, notwithstanding the agreement to have said accounts paid to said company, and notwithstanding that the relation with the said company and the said Ord was terminated, the said Ord did subsequently collect the said outstanding accounts and convert the same to his own use.

"Deponent further avers that the sales so made as alleged above were admitted by the said Ord to this deponent; that the said Ord admitted to this deponent that he, the said Ord, did collect the sums of moneys as alleged above; and that he collected the said outstanding accounts after his promise to direct same paid direct to the said company."

The criticism made upon this affidavit is that the affidavit states merely a conclusion, and does not appear to be made upon the information of the affiant. We agree with the circuit judge that the affidavit is not open to this criticism, and there is enough of substance contained in the affidavit to warrant the order holding to bail.

The application will be denied.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.